UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD McGARRY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-3428** |
| **TRAVELERS LIFE AND ANNUITY COMPANY, ET AL** | **SECTION "K"(5)** |

## ORDER AND REASONS

Before the Court is defendants' Motion For Partial Summary Judgment (Rec. Doc. No. 21). After reviewing the record, memoranda, and relevant law the Court now **GRANTS** the motion as follows.

## Background

Three life insurance policies form the basis of plaintiffs' petition: Connecticut General Life Insurance Co. Policy 7001021 (issued in 1993, surrendered in 2002); Connecticut General Life Insurance Co. Policy 7049983 (issued in 1997, surrendered in 2002); and Travelers Life and Annuity Co. Policy 7407383 (issued in 2002). The instant motion focuses on the second policy, No. 7049983, issued in 1997. The documents relating to this policy reveal that it was owned by plaintiff the McGarry Family Trust, see Def.'s Exhibit 4 at p. 2-000065, and the beneficiary was

also the McGarry Family Trust, specifically, Conrad Joseph McGarry, Sandra M. Conrad, Jane M. Ladmirault, Edward John McGarry, and Ann M. Dinges, Trustees Under An Agreement of Trust Known As The McGarry Family Trusts Dated June 16, 1993, Or the Sucessor Or Sucessors in Said Trust.  See id.  The policy was one of "survivorship whole life insurance payable on second death" see id. at p. 2-000064, and insured the lives of instant plaintiffs Edward J. McGarry and Edith B. McGarry.  The policy was surrendered in 2002, and plaintiffs subsequently brought the instant litigation for losses allegedly sustained in the purchase, ownership, and surrendering of all three policies.  Defendants now move for partial summary judgment against defendants Edith and Edward J. McGarry as to the second policy, on the basis that per the terms of the policy documents, only the plaintiff trust, as the sole owner under the policy, can bring the instant action.   Defendants argue that because plaintiffs Edith and Edward McGarry never had ownership of the second policy they thus cannot sustain a claim regarding its purchase, ownership, and/or surrender.

**<u>Legal Standard</u>**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "[M]ere allegations" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits" as "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are tasks for the trier-of-fact." *Anderson*, 477 U.S. at 255. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

**Analysis**

The Court agrees with defendants. The evidence produced by defendants, namely the policy itself, stands unrebuked by plaintiffs. Review of the policy documents reveals that plaintiffs Edith and Edward McGarry never had any ownership whatsoever in Policy No. 7049983, nor were they beneficiaries. Notably, Edith and Edward McGarry's stated intention in

naming the Trust as both owner and policy beneficiary on the second policy was for inheritance tax purposes.  See Plaintiff's Complaint at ¶9, 19. A party takes who out a life insurance policy and "either irrevocably names [another] the beneficiary or makes [them] the owner of the policy" retains no incidents of ownership over the policy.  *Catalano v. United States*, 429 F.2d 1058, 1062.  Here, ownership belonged to the remaining plaintiff (and beneficiary), the McGarry Family Trust.  Review of plaintiffs' complaint reveals that plaintiffs collectively are suing for, *inter alia*, breach of contract, for return of all premiums paid, for costs and attorney's fees, and various declarations regarding their claims of fraud and misrepresentation.  As to the second policy, the Court finds that the policy was sole property of the McGarry Family Trust,  and the Trust, as owner of the policy in question, qualifies under the Louisiana Trust Code as the real party in interest such that the Trust is the correct party to bring the above-mentioned claims.  See LSA-R.S. 9:2121.  As such, the Court finds that plaintiffs Edith and Edward McGarry's claims solely with respect to Policy No. 7049983 must be dismissed as a matter of law.  The McGarry Family Trust, and not plaintiffs Edith and Edward McGarry, owned the second policy; consequently it is the Trust which must maintain the instant action as to the second policy.

Accordingly, for the reasons stated above**,**

**IT IS ORDERED** that the defendants' Motion for Partial Summary Judgment (Rec. Doc. 21) is hereby **GRANTED** with respect to plaintiffs Edith and Edward McGarry's claims under Policy No. 7049983.

**IT IS FURTHER ORDERED** that plaintiffs Edith and Edward McGarry's claims arising from Policy No. 7049983 are hereby dismissed with prejudice.  Plaintiff  the McGarry Family Trust's claims under Policy No. 7049983 remain.

New Orleans, Louisiana, this   22nd   day of August, 2006.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**